UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States District Court
Southern District of Texas
FILED

OCT 31 2007

Michael N. Milby, Clerk

| | |
|---|---|
| BRANDON STANLEY and BREEZY STANLEY, individually and as next friends of BLAKE LEWIS STANLEY, a minor<br><br>Plaintiff,<br><br>vs.<br><br>TARGET CORPORATION, a Minnesota corporation, and BUMBO LTD., a foreign corporation,<br><br>Defendants. | § § § § § § § § § § § § § § |

Case No. H-07-3680

**JURY DEMANDED**

## COMPLAINT

Plaintiffs Brandon Stanley and Breezy Stanley, individually and as next friends of Blake Lewis Stanley, a minor ("PLAINTIFFS") hereby complain of Defendants, Target Corporation ("TARGET") and Bumbo Ltd. ("BUMBO") (together as "Defendants") as follows:

### JURISDICTION AND VENUE

1. The present action alleges products liability, negligence, misrepresentation, and gross negligence under Texas common law and Chapter 82 of the Texas Civil Practice and Remedies Code arising out of PLAINTIFFS' use of the Bumbo Baby Sitter ("BUMBO SEAT").

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and there is complete diversity of citizenship between the parties.

3.  The Court has personal jurisdiction over each Defendant. Each Defendant has conducted and does conduct business within the State of Texas. Each Defendant contracts with Texas entities and does business within the State of Texas. Moreover, each Defendant, directly and/or through intermediaries (including distributors, retailers, and others), ships, distributes, offers for sale, sells, and/or advertises the BUMBO SEAT, in the United States, the State of Texas, and the Southern District of Texas. Each Defendant has purposefully and voluntarily placed the BUMBO SEAT into the stream of commerce with the expectation that it will be purchased by consumers in the Southern District of Texas. The BUMBO SEAT has been and continues to be purchased by consumers in the Southern District of Texas.

4.  Venue is proper in this District under 28 U.S.C. §1391(a)(2) because a substantial part of the events and omissions giving rise to the claim occurred in the Southern District of Texas.

## PARTIES

5.  PLAINTIFFS are individuals who are citizens of and reside in Conroe, Texas. PLAINTIFFS were citizens of and resided in Conroe, Texas at all times pertinent to this action.

6.  TARGET is incorporated in the State of Minnesota and has its principal place of business at 1000 Nicollet Mall, Minneapolis MN 55403. Service may be had upon TARGET by serving its registered agent, CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

7.  BUMBO is a foreign corporation with its place of business at Rosslyn 0200, Gauteng, South Africa. Service may be had upon BUMBO according to the Inter-

American Convention on Letters Rogatory, done at Panama January 30, 1975, and the Additional Protocol with Annex, done at Montevideo, Uruguay on May 8, 1979.

## FACTS

8.     On February 19, 2007, Brandon Stanley, Blake Stanley's father, properly put Blake Stanley into the BUMBO SEAT.  Blake Stanley was five months old at the time.  Suddenly and without warning, Blake Stanley fell out of the BUMBO SEAT, onto a hard floor, suffering severe head injuries as a result of the impact.  As a result of his injuries, Blake Stanley was hospitalized and required extensive medical treatment.

9.     The BUMBO SEAT was purchased new from a TARGET store in Dallas, Texas.

10.    The BUMBO SEAT did not contain a safety harness or straps to hold Blake Stanley in place.  Similarly, the BUMBO SEAT was designed in a manner that would allow a child such as Blake Stanley to easily fall out of the seat.  Simply put, the BUMBO SEAT failed, seriously injuring Blake Stanley.

## CAUSES OF ACTION AGAINST BUMBO

### COUNT I
### STRICT PRODUCTS LIABILITY OF BUMBO

11.    PLAINTIFFS incorporate herein the allegations of paragraphs 1 through 10.

12.    The BUMBO SEAT in question was originally designed, manufactured, marketed, and sold by BUMBO.

13.    At the time that the BUMBO SEAT was sold, BUMBO was in the business of designing, manufacturing, marketing, and selling BUMBO SEATS, such as the BUMBO SEAT in question.

14. BUMBO is the "manufacturer" in question of the BUMBO SEAT within the meaning of Section 82.001(4) of the TEXAS CIVIL PRACTICE AND REMEDIES CODE.

15. BUMBO is liable under the doctrine of strict liability for placing the BUMBO SEAT in question into the stream of commerce and is liable for the injuries produced by the defects in the BUMBO SEAT in question, including the injuries of PLAINTIFFS.

16. At the time that the BUMBO SEAT was designed, manufactured, marketed and sold by BUMBO, it was defective in design and unreasonably dangerous as designed.

17. There was a design defect in the BUMBO SEAT at the time that it left the possession of BUMBO in that it was designed in such a way that would allow a child such as Blake Stanley to easily fall out of the seat. Moreover, the BUMBO SEAT did not contain a safety harness or straps to prevent a child such as Blake Stanley from falling out. These defects rendered the BUMBO SEAT unreasonably dangerous. Further, these defects were a producing cause of the accident and injuries suffered by PLAINTIFFS.

18. A safer alternative design existed at the time the BUMBO SEAT was manufactured. Specifically, BUMBO could have easily incorporated a safety harness or straps into the BUMBO SEAT that would have prevented a child from falling out.

19. At the time of the accident, the BUMBO SEAT was in substantially the same condition as it was at the time it was placed into the stream of commerce. Plaintiffs made no modifications to the BUMBO SEAT after it was purchased from TARGET.

20. Further, there is no applicable mandatory federal standard that applies to the specific defects complained of herein. But to the extent that BUMBO attempts to rely

on defenses or rebuttable presumptions that the BUMBO SEAT was not defectively designed because it complied with all applicable Federal Standards, PLAINTIFFS allege that the Federal Standards are inadequate to protect of children using the BUMBO SEAT in a foreseeable manner.

## COUNT II
## NEGLIGENCE OF BUMBO

21. PLAINTIFFS incorporate herein the allegations of Paragraphs 1 through 20.

22. BUMBO committed acts of omission and commission, which collectively and severally constituted negligence, and which were a proximate cause of the injuries to PLAINTIFFS.

23. BUMBO's acts of negligence include, but are not limited to the following:

   (a) Negligently designing the BUMBO SEAT such that a child using the BUMBO SEAT in a foreseeable manner could fall out;

   (b) Negligently designing the BUMBO SEAT without a safety harness or straps;

   (c) Negligently testing the BUMBO SEAT to ensure that children using it in a foreseeable manner could not fall out;

24. At the time of the accident, the BUMBO SEAT was in substantially the same condition as it was when it was placed into the stream of commerce. PLAINTIFFS made no modifications to the BUMBO SEAT after purchasing it from TARGET.

## COUNT III
## MISREPRESENTATION BY BUMBO

25. PLAINTIFFS incorporate herein the allegations of Paragraphs 1 through 24.

26. BUMBO misrepresented the character and quality of the BUMBO SEAT in question, and the misrepresentations were of such a nature as to render BUMBO strictly liable for the injuries and damages to PLAINTIFFS. BUMBO engaged in the course of advertising, marketing, and promoting the BUMBO SEAT. BUMBO made false representations, including express representations of material fact concerning the character and quality of the BUMBO SEAT, including, but not limited to the following:

   (a) "The Bumbo Baby Sitter is versatile and can be used safely and conveniently anywhere on any level surface, and is definitely the extra set of hands you have always been looking for."

   (b) "The seat does not require any uncomfortable straps or fasteners."

   (c) "The Bumbo is as secure as the surface it sits on. It is very secure as long as it is used on a solid, level surface. The baby's weight actually helps hold it in the Bumbo. This is because of the Bumbo Seat's unique design that puts the baby's bottom slightly below the leg openings."

27. These misrepresentations were made through advertising, marketing, and promoting the BUMBO SEAT, the totality of which, taken as a whole, falsely misrepresented that the BUMBO SEAT was safe for use in a manner indicated by BUMBO to be suitable for consumers such as PLAINTIFFS.

## COUNT IV
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS BY BUMBO

28. PLAINTIFFS incorporate herein the allegations of Paragraphs 1 through 27.

29. At the time of the accident, Brandon Stanley, Blake Stanley's father, was located near the scene of the accident and witnessed his son's accident and resulting injuries. Brandon Stanley suffered shock from the direct emotional impact that occurred from his sensory and contemporaneous observation of his son's accident and resulting injuries. As such, Brandon Stanley is entitled to damages for the mental anguish that he suffered as a result of the accident and injuries to his son.

## CAUSES OF ACTION AGAINST TARGET

## COUNT V
## STRICT PRODUCTS LIABILITY OF TARGET

30. PLAINTIFFS incorporate herein the allegations of Paragraphs 1 through 29.

31. The BUMBO SEAT in question was sold by TARGET. .

32. At the time that TARGET sold the BUMBO SEAT, TARGET was in the business of selling BUMBO SEATS, such as the BUMBO SEAT in question.

33. TARGET is the "seller" in question of the BUMBO SEAT within the meaning of Section 82.001(3) of the TEXAS CIVIL PRACTICE AND REMEDIES CODE.

34. TARGET is liable under the doctrine of strict liability for placing the BUMBO SEAT in question into the stream of commerce and is liable for the injuries produced by the defects in the BUMBO SEAT in question, including the injuries of PLAINTIFFS.

35. At the time that TARGET sold the BUMBO SEAT, TARGET made express representations about the BUMBO SEAT, which were incorrect.

36. Specifically, TARGET made and continues to make the following representations about the BUMBO SEAT, all of which are incorrect:

   (a) "Provides safe support for babies that can't sit up yet on their own."

   (b) "Can be used on almost any flat surface; seat is designed to use your baby's own weight as an anchor."

37. PLAINTIFFS relied on these false representations in using the BUMBO SEAT.

38. If the BUMBO SEAT had been as represented by TARGET, PLAINTIFFS would not have been harmed by using the BUMBO SEAT.

39. At the time of the accident, the BUMBO SEAT was in substantially the same condition as it was at the time it was placed into the stream of commerce. PLAINTIFFS made no modifications to the BUMBO SEAT after it was purchased from TARGET.

## COUNT VI
## NEGLIGENCE OF TARGET

40. PLAINTIFFS incorporate herein the allegations of Paragraphs 1 through 39.

41. TARGET committed acts of omission and commission, which collectively and severally constituted negligence, which were a proximate cause of the injuries to PLAINTIFFS.

42. TARGET's acts of negligence include, but are not limited to the following:

    (a) Negligently marketing the BUMBO SEAT by representing that it "provides safe support for babies that can't sit up on their own;"

    (b) Negligently marketing the BUMBO SEAT by representing that it "can be used on almost any flat surface; seat is designed to use your baby's own weight as an anchor."

43. At the time of the accident, the BUMBO SEAT was in substantially the same condition as it was when it was placed into the stream of commerce. PLAINTIFFS made no modifications to the BUMBO SEAT after purchasing it from TARGET.

## COUNT VII
## MISREPRESENTATION BY TARGET

44. PLAINTIFFS incorporate herein the allegations of Paragraphs 1 through 43.

45. TARGET misrepresented the character and quality of the BUMBO SEAT in question. The misrepresentations were of such a nature as to render TARGET strictly liable for the injuries and damages to PLAINTIFFS. TARGET engaged in the course of advertising, marketing, and promoting the BUMBO SEAT. TARGET made false representations, including express representations of material fact concerning the character and quality of the BUMBO SEAT, including, but not limited to the following:

    (a) "Provides safe support for babies that can't sit up yet on their own."

    (b) "Can be used on almost any flat surface; seat is designed to use your baby's own weight as an anchor."

46. These misrepresentations were made through advertising, marketing, and promoting the BUMBO SEAT, the totality of which, taken as a whole, falsely misrepresented that the BUMBO SEAT was safe for use in a manner indicated by TARGET to be suitable for consumers such as PLAINTIFFS.

## COUNT VIII
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS BY TARGET

47. PLAINTIFFS incorporate herein the allegations of Paragraphs 1 through 46.

48. At the time of the accident, Brandon Stanley, Blake Stanley's father, was located near the scene of the accident and witnessed his son's accident and resulting injuries. Brandon Stanley suffered shock from the direct emotional impact that occurred from his sensory and contemporaneous observation of his son's accident and resulting injuries. As such, Brandon Stanley is entitled to damages for the mental anguish that he suffered as a result of the accident and injuries to his son.

## DAMAGES

49. PLAINTIFFS incorporate herein the allegations of Paragraphs 1 through 48.

50. PLAINTIFFS seek damages from Defendants arising from the injuries that Blake Stanley suffered as a result of the accident. Specifically, PLAINTIFFS seek damages for the following:

    (a) Past and future medical expenses of Blake Stanley;

    (b) Past and future pain and suffering of Blake Stanley;

    (c) Past and future mental anguish of Blake Stanley;

    (d) Future loss of earning capacity for Blake Stanley;

    (e)    Past and future disfigurement of Blake Stanley; and

    (f)    Past and future physical impairment of Blake Stanley.

51.    PLAINTIFFS also seek damages from Defendants arising from the mental anguish suffered by Brandon Stanley as a result of his witnessing his son's horrific accident and resulting injuries.

52.    PLAINTIFFS also seek pre-judgment and post-judgment interest as provided by law.

## JURY DEMAND

53.    PLAINTIFFS request a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein, that this cause of action be set for trial before a jury, and that Plaintiffs recover judgment of and from Defendants for their actual damages in such amount as the evidence may show and the jury may determine to be proper, together with pre-judgment and post-judgment interest, costs of suit, and such other and further relief to which Plaintiffs may show themselves justly entitled, whether at law or in equity.

Respectfully submitted,

FILED: October 26, 2007

_[signature]_
Adam Pulaski
Attorney-in-charge
Texas State Bar No. 16385800
Southern District Bar No. 606884

**PULASKI & MIDDLEMAN, L.L.C.**
6800 West Loop South, Suite 200
Bellaire, TX 77401
Telephone: (713) 664-4555
Facsimile: (713) 664-7543

_[signature]_
Elizabeth M. Cunningham
Texas State Bar No. 24008069
Southern District Bar No 27809

3500 Maple Avenue, Suite 900
Dallas, Texas 75219
Telephone: (214) 580-8611
Facsimile: (214) 752-8600

**PULASKI & MIDDLEMAN, LLC**
ATTORNEYS AND COUNSELORS AT LAW
6800 WEST LOOP SOUTH, SUITE 200
BELLAIRE, TEXAS 77401
www.pulaskilawfirm.com

United States District Court
Southern District of Texas
FILED

OCT 3 1 2007

Michael N. Milby, Clerk

ADAM PULASKI
DAVID MIDDLEMAN

TOLL FREE (866) 950-9000
TELEPHONE (713) 664-4555
TELEFAX (713) 664-7543

October 31, 2007

MICHAEL NILBY
DEPUTY CLERK
UNITED STATES COURT
SOUTHERN DISTRICT OF TEXAS
515 RUSK
HOUSTON, TEXAS 77002

RE:   Cause No. _____ ;Brandon Stanley and Breezy Stanley individually and a/n/f of Blake Satnley v. Target and Bumbo; in the United States Court, Southern District of Texas.

Mr. Nilby:

Enclosed the following document for filing along with our check number 1484 in the amount of $350.00 for filing fee.

COMPLAINT
SUMMONS TO TARGET (#2 Copies)
SUMMONS TO BUMBO (#2 Copies)

Please return file stamped copy to our office.

                              Sincerely,

                              PULASKI & MIDDLEMAN, LLC

                              Adam Pulaski

AP/km
Encl.